IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 11
)
JOHNSTON SHIELD, INC., ) No. 2-08-bk-08474-EWH
)
) **MEMORANDUM DECISION**
Debtor. )

## I. INTRODUCTION

Pending before the Court is Avondale Automotive, Inc.'s ("Avondale") Motion to Compel Assumption of Executory Contract. Because the contract in question was executory on the petition date, Avondale may file an administrative proof of claim for the amounts it claims were due it under its agreement with the Debtor. The reasons for this decision are explained in more detail below.

## II. FACTUAL AND PROCEDURAL HISTORY

Approximately ten days before filing for Chapter 11 relief on July 10, 2008, the Debtor and Avondale entered into an agreement ("Agreement") to exchange Mitsubishi Eclipses.[1] Under the Agreement, the Debtor exchanged a 2009 for a 2008 Eclipse.

---

[1] The Agreement was not a single written agreement, but a series of faxed worksheets and invoices.

The 2008 Eclipse was worth approximately $2,000 more than the 2009 Eclipse. Before the Debtor paid the $2,052.64 difference in value to Avondale, and before the parties exchanged manufacturer's statements of origins ("MSOs"), which are required for a car seller to convey good title to a third party, the Debtor sold the 2008 Eclipse. Because the Debtor did not have the MSO for the 2008 Eclipse, it did not deliver good title to its buyer.

Postpetition, the Debtor and Avondale corresponded about exchanging MSOs for the cars. Avondale refused to turn over the MSO for the 2008 Eclipse until Debtor paid the difference in value. Debtor refused to pay -- asserting it could not pay prepetition debt postpetition.

On October 9, 2008, Avondale filed a Motion to Compel Assumption of Executory Contract ("Motion") in which it asserted that the Agreement was an executory contract and demanded that the Debtor pay the $2,052.64 difference in the exchanged vehicles' value as a condition to Debtor's assumption of the Agreement. The Debtor opposed the Motion -- arguing that the Agreement was not an executory contract because all that was left to do was the "ministerial act" of exchanging MSOs and payment of money by the Debtor. At the November 12, 2008 hearing on the Motion, the Court directed the parties to exchange the MSOs. The remaining issue is whether the Agreement was an executory contract.

### III. ISSUE

Was the Agreement an executory contract?

2

## IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

## V. DISCUSSION

Car exchanges are a common practice between car dealers. As explained in CM Turner Investments, Inc., 93 B.R. 526, 528, 529 (S.D. Tex. 1988):

> Typically, in a dealer trade one dealer has a customer who desires a certain model of car with certain specified optional equipment that the dealer does not have in inventory. The dealer will conduct a search through the dealership computer network usually maintained by the manufacturer to determine which dealer has the desired car in its inventory. The dealer needing the car calls the dealer having the car in stock and arranges a trade. Often the second dealer may want a car out of the inventory of the first dealer as well.[2]

There is no question that the Agreement required an exchange of MSOs, as well as cars, but the Debtor argues that the exchange of MSOs was simply a ministerial act. Black's Law Dictionary defines a ministerial act as:

> An act performed without the independent exercise of discretion or judgment. If the act is mandatory, it is also termed a "ministerial duty."
> BLACK'S LAW DICTIONARY 26 (8th ed. 2004)

However, there was no term in the Agreement which required Avondale to deliver its MSO to Debtor before it was paid. Avondale retained the discretion <u>not</u> to deliver the MSO. Delivery of the MSO was not, therefore, a ministerial act.

---

[2] In this case, however, the Debtor and Avondale did not follow the procedure described in <u>Turner</u> where MSOs and title documents are delivered to a third party bank, along with funds (sight drafts) to pay for any difference in the value of the exchanged cars. 93 B.R. at 529.

3

## VI. CONCLUSION

Because obligations were due from both parties (each party's duty to deliver an MSO to the other) on the petition date, the Agreement was an executory contract. An order will be entered this date allowing Avondale an administrative claim of $2,052.64.

DATED: December 9, 2008

*Eileen W. Hollowell*
Eileen W. Hollowell
U.S. Bankruptcy Judge

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Johnston Shield, Inc.
645 S Highway 92
Sierra Vista, AZ 85635-4326

Franklin D. Dodge
Ryan Rapp & Underwood, P.L.C.
3101 N Central Ave., Suite 1500
Phoenix, AZ 85012
Attorneys for Johnston Shield, Inc.

Ryan J. Lorenz
Norling, Kolstrud, Sifferman & Davis, P.L.C.
16427 N Scottsdale Rd., Suite 210
Scottsdale, AZ 85254
Attorneys for Avondale Automotive, Inc.

4